UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILLIP DONALD AND ARDEN WONG, *Plaintiffs* | § § § § | |
| V. | § § § | CIVIL ACTION NO._____ |
| MARKET EXPRESS, LLC AND WAYNE ALAN SORENSEN, *Defendants* | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Phillip Donald and Arden Wong ("Plaintiffs") and complains of Market Express, LLC and Wayne Alan Sorensen for cause of action would respectfully show unto the Court as follows:

### I.
### JURISDICTION AND VENUE

1.  Venue is proper in this District pursuant to 28 U.S.C § 1391 because the accident that forms the basis of this lawsuit occurred within this District.

2.  The claims herein are brought against Defendants pursuant to 28 U.S.C. §1332 for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of Defendant and Defendant's employee. The amount in controversy is over $75,000.00, excluding interest and costs. There is complete diversity in that Plaintiffs are citizens of Florida and Defendants are either citizens of the state of Oregon or a business incorporated in Oregon and with its principal place of business located in Oregon.

3.  Plaintiffs request a trial by jury.

## II.
## PARTIES

4.  Plaintiff Phillip Donald is resident of the state of Florida

5.  Plaintiff Arden Wong is a resident of the state of Florida.

6.  Defendant Market Express, LLC ("DEFENDANT") is a Foreign Limited Liability Company incorporated under the laws of Oregon and with its principal office at 210 N Vancouver Way Portland, Oregon 97217.

7.  Defendant Wayne Alan Sorensen ("Wayne Alan Sorensen") is an individual and resides at 422 NE Boston St Rosenburg,OR in Douglas County, Oregon.

## III.
## STATEMENT OF FACTS

8.  On or about May 2, 2017, Plaintiffs, Phillip Donald and Arden Wong were traveling eastbound on I-35E and 2181 in Denton County, Texas in a vehicle driven by Plaintiff Donald. Plaintiff Phillip Donald slowed down because traffic in front of him slowed down and did come to a complete stop. Plaintiffs' vehicle was at a complete stop when suddenly and without warning, Plaintiffs were struck by a commercial vehicle driven by Defendant Wayne Alan Sorensen.

9.  At all times relevant, Defendant Wayne Alan Sorensen was operating the commercial vehicle while in the course and scope of employment with Defendant Market Express, LLC and with the permission and/or consent of Defendant Market Express, LLC. According to the Texas crash report, Market Express, LLC is the owner and/or lessee of the White 2017 Volvo Truck driven by Wayne Alan Sorensen. As a result of the collision, Plaintiffs sustained severe and permanent injuries to their bodies, as more fully set forth below.

## IV.
## PLAINTIFFS' CLAIMS OF NEGLIGENCE, NEGLIGENT ENTRUSTMENT, AND GROSS NEGLIGENCE AGAINST DEFENDANT MARKET EXPRESS, LLC

10. Plaintiffs hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

11. Defendant Sorensen, as agent and employee of Defendant Market had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

12. Plaintiffs injuries were proximately caused by Defendant Sorensen's negligent, careless and reckless disregard of said duty while in the course and scope of his employment for Defendant Market.

13. At the time of the occurrence in question and immediately prior thereto, Defendant Sorensen was within the course and scope of his employment with Defendant Market.

14. At the time of the occurrence in question and immediately prior thereto, Defendant Sorensen was engaged in the furtherance of Defendant Market's business.

15. At the time of the occurrence in question and immediately prior thereto, Defendant Sorensen was engaged in accomplishing a task for which he was employed by Defendant Market. Plaintiffs invoke the doctrine of Respondeat Superior against Defendant Market.

16. Defendant Market is also negligent in one or more of the following respects:

  a. Negligent hiring of Wayne Allen Sorensen;

  b. Negligent training of Wayne Allen Sorensen;

  c. Negligent supervision and monitoring of Wayne Allen Sorensen;

  d. Negligent retention of Wayne Allen Sorensen;

    e.    Negligent entrustment of Defendants Market's truck to Wayne Allen Sorensen.

    f.    Defendants Market failed to implement adequate safety programs for the prevention of collisions by their employees in violation of motor carrier fleet industry standards;

    g.    Defendants Market failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

    h.    Defendant Market failed to train and ensure that Defendant Sorensen had the requisite knowledge and skill required of a driver of a commercial motor vehicle, in § 383.11 of the Federal Motor Carrier Safety Regulations (hereinafter referred to as FMCSR), specifically, § 383.111(4) Basic Control; § 383.111(7) Visual Search; § 383.111(9) Speed Management; § 383.111(10) Space Management; § 383.111(13) Hazard Perception; and § 383.111(14) Emergency Maneuvers.

17.    As described herein, Defendant Market was negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

18.    Plaintiffs would further show that the Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiffs as well as others similarly situated.

19.    The acts and/or omissions on the part of the Defendant constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

20. Each of these acts and/or omissions of each of the Defendants, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural lives, and the damages and other losses to Plaintiffs.

## V.
## PLAINTIFFS' CLAIMS OF NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE AGAINST DEFENDANT WAYNE ALAN SORENSEN

21. Defendant Sorensen had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

22. Plaintiffs' injuries were proximately caused by Defendant Sorensen's negligent, careless, and reckless disregard of said duty.

23. The negligent, careless, and reckless disregard of duty by Defendant Sorensen as employee and agent of Defendant Market Express, LLC consisted of, but is not limited to, the following acts and omissions:

    a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b. driving while distracted;

    c. in failing to keep a proper and safe following distance from the vehicles in front of him;

    d. in driving his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances, in failing to maintain control of his vehicle;

    e. in failing to maintain control of his vehicle;

  f.  in failing to maintain a single lane of travel;

  g.  in failing to timely apply the brakes in an effort to avoid the impact with the Plaintiff;

  h.  in failing to drive defensively to avoid the impact with the Plaintiff;

  i.  in failing to conduct a proper visual search in accordance with § 383.111(7) of FMCSR;

  j.  in failing to properly manage his speed, in accordance with § 383.111(9) of FMCSR;

  k.  in failing to properly control the space around his vehicle in accordance with § 383.111(10) of FMCSR;

  l.  in failing to conduce proper emergency maneuvers in accordance with § 383.111(14) FMCSR;

24. Each of these acts and/or omissions by the Defendants whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives, and the damage and other losses to Plaintiffs.

25. As described herein, Defendants were negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

## VI.
## GROSS NEGLIGENCE

26. Plaintiffs would further show Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs and the general public. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiffs.

27. The acts and/or omissions on the part of the Defendants constitute malice and/or gross negligence as that term is defined in § 41.001(7) and § 41.001(11) of the Texas Civil Practice and Remedies Code, in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

28. The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence, and malice and were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## VII.
## DAMAGES

29. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs suffered severe bodily injuries to their neck, back, shoulders, and other parts of their bodies generally. The injuries have had a serious effect on the Plaintiffs' health and well-being. Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for their entire lives. These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of these injuries, the Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

30. Additionally, as a direct and proximate result of the occurrence made the basis of this

lawsuit, Plaintiff Phillip Donald was caused to incur the following damages:

    a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county they were incurred;

    b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

    e. Physical impairment and disability in the past;

    f. Physical impairment and disability, which will, in all reasonable probability be suffered in the future;

    g. Lost earning capacity in the past;

    h. Loss of earning capacity, which will in all reasonable probability be incurred in the future;

    i. Mental anguish in the past;

    j. Mental anguish which will, in all reasonable probability be suffered in the future;

    k. Physical disfigurement in the past, and which will, in all reasonable probability, be suffered in the future.

31. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Arden Wong was caused to incur the following damages:

    a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county they were incurred;

    b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering, which will, in all reasonable probability be suffered

      in the future;

e. Physical impairment and disability in the past;

f. Physical impairment and disability, which will, in all reasonable probability be suffered in the future;

g. Lost earning capacity in the past;

h. Loss of earning capacity, which will in all reasonable probability be incurred in the future;

i. Mental anguish in the past;

j. Mental anguish which will, in all reasonable probability be suffered in the future;

k. Physical disfigurement in the past, and which will, in all reasonable probability, be suffered in the future.

## VII.
## INTEREST

32. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

33. Plaintiffs demands a trial by jury. Plaintiffs acknowledges payment this date of the required jury fee.

## IX.
## PRAYER

34. WHEREFORE, Plaintiffs are entitled to damages from the Defendants, and does hereby pray that judgment be entered in their favor and against the Defendants as follows:

    1. Pain and suffering in the past;

    2. Pain and suffering in the future;

    3. Mental anguish in the past;

    4. Mental anguish in the future;

    5. Past medical expenses;

6. Future medical expenses;

7. Physical impairment in the past;

8. Physical impairment in the future;

9. Physical disfigurement in the past;

10. Physical disfigurement in the future;

11. Loss of past wages;

12. Loss of future wages;

13. Loss of wage earning capacity;

14. Property damage; and

15. Punitive/Exemplary damages.

Plaintiffs further seeks and any other relief, both special and general, to which Plaintiffs may be justly entitled at law or in equity.

Respectfully Submitted,

LAW OFFICES OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361)-985-0600
Fax: (361)-985-0601

By: _____
Thomas J. Henry
SBN: 09484210
Robert P. Wilson
SBN: 21718575
Rwilson-svc@thomasjhenrylaw.com

ATTORNEYS FOR PLAINTIFFS

*service by email to this address only